IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRIDGET MAXWELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File |
| vs. | ) |
| | ) No. _____ |
| **CORRECT CARE SOLUTIONS, L.L.C., ARLENE DENNIS, DAVID DIDIER, TERESA SPARKS, MICHAEL AGYEI, and PAULINE THOMAS,** | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW BRIDGET MAXWELL, Plaintiff, and submits the following Complaint:

### INTRODUCTION

1. This is an action for damages, plus attorney's fees and costs of litigation, brought pursuant to 42 U.S.C. §1983 for Defendants' deliberate indifference to Plaintiff's need for medical care for a serious, debilitating genetic disease, cystic fibrosis, while Plaintiff was in custody at the DeKalb County Jail on April 29 and 30, 2011. Plaintiff also asserts a pendant state claim for professional negligence.

1

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. §1331. Plaintiff invokes the pendent or supplemental jurisdiction of this Court to decide claims under Georgia law pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the actions which form the basis of the Complaint occurred in the Northern District of Georgia.

## PARTIES

4. Plaintiff Bridget Maxwell is an adult citizen of the United States, residing in the Northern District of Georgia. As an infant, Maxwell was diagnosed with cystic fibrosis, a chronic, debilitating, and life-threatening genetic disease. In people with cystic fibrosis, the body produces unusually thick mucus that clogs the lungs, making it difficult to breathe and providing a welcoming environment for bacteria. In patients with cystic fibrosis, thick secretions clog the bile ducts and pancreas, impeding digestion and creating other complications. At present, individuals suffering from cystic fibrosis have a life expectancy of less than forty years.

5. Correct Care Solutions, LLC [hereinafter: CCS], is a foreign corporation registered to do business in the State of Georgia and is subject to the

jurisdiction of this Court. At all times relevant to this action, CCS was a party to a contract with DeKalb County, Georgia, to provide medical care to inmates at the DeKalb County jail. At all times relevant to this action, CCS was engaged in State action and acted under color of State law.

6. Defendant Arlene Dennis is a Registered Nurse who, at all times relevant to this action, was employed by Defendant CCS as a medical services provider at the DeKalb County jail. Upon information and belief, Defendant Dennis is a resident of the Northern District of Georgia and is subject to the jurisdiction of this Court.

7. Defendant David Didier is a Physician's Assistant who, at all times relevant to this action, was employed by Defendant CCS as a medical services provider at the DeKalb County jail. Upon information and belief, Defendant Didier is a resident of the Northern District of Georgia and is subject to the jurisdiction of this Court.

8. Defendant Teresa Sparks is a Registered Nurse who, at all times relevant to this action, was employed by Defendant CCS as a medical services provider at the DeKalb County jail. Upon information and belief, Defendant Sparks is a resident of the Northern District of Georgia and is subject to the jurisdiction of this Court.

9. Defendant Michael Agyei is a Physician Assistant who, at all times

relevant to this action, was employed by Defendant CCS as a medical services provider at the DeKalb County jail.  Upon information and belief, Defendant Agyei is a resident of the Northern District of Georgia and is subject to the jurisdiction of this Court.

10. Defendant Pauline Thomas is a Registered Nurse who, at all times relevant to this action, was employed by Defendant CCS as a medical services provider at the DeKalb County jail.  Upon information and belief, Defendant Thomas is a resident of the Northern District of Georgia and is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11. Effective January 2, 2011, Defendant CCS entered into a contract with DeKalb County, Georgia to provide medical services to inmates at the DeKalb County jail.

12. On April 29, 2011, Maxwell was taken into custody by an officer of the Dunwoody Police Department on charges of DUI (driving under the influence), reckless driving, and failure to maintain lane.  According to the supplemental arrest report, Maxwell informed the arresting officer that she suffered from cystic fibrosis.

13. Maxwell was booked into the DeKalb County jail at 4:52 a.m. on Saturday, April 29, 2011.  Maxwell suffered from a serious medical condition,

cystic fibrosis, which she disclosed to security staff. At booking, Maxwell was 36 years old, 5 feet one inches tall and weighed 95 lbs. Maxwell's small build and low weight are characteristic of sufferers of cystic fibrosis.

14. At booking, Maxwell took a breathalyzer test for alcohol. Maxwell's readings, 0.49 and .044, were well below the legal limit. Maxwell was not intoxicated.

15. DeKalb County jail policies provide that all inmates are to receive medical screening at the time of intake. At some time on the morning of April 29 Defendant Dennis conducted a screening of Maxwell and Defendant Didier signed off on the screening form. On the form, Defendant Dennis recorded that Maxwell suffered from cystic fibrosis and diabetes, the latter being a common complication of cystic fibrosis. Defendant Dennis also recorded the various medications that Maxwell was taking daily, including medications for respiratory problems.

16. Even though they were aware that Maxwell suffered from a chronic, debilitating and life-threatening disease, Defendants Dennis and Didier selected Maxwell for placement in the General Population (GP). At the time, Defendants Dennis and Didier knew or should have known that Maxwell should have been placed in Medical Observation Housing.

17. At the time of incarceration, Maxwell was in possession of a Ventolin (albuterol sulfate) inhaler, commonly used by asthmatics and other persons with

respiratory disease.  Defendant Dennis took the inhaler from Maxwell, even though Maxwell insisted that she needed it.   Neither Defendant Dennis nor any other medical provider at the jail returned the medication to Maxwell prior to her release.

18.    Once in a cell, Maxwell was exposed to cleaning product fumes. Maxwell repeatedly complained to security staff that she was short of breath and coughing blood.  Finally, at 21:45 p.m., a deputy sheriff took Maxwell to the on-site medical clinic.  At the clinic, Maxwell was seen by Defendants Dennis, Sparks, Agyei, and Thomas, all of whom made entries on the medical record.  At the clinic, Maxwell informed staff that she had cystic fibrosis, that she was trained as a respiratory therapist, and that she needed a breathing treatment.

19.    The medical record shows that at 21:45 p.m. on April 30, Maxwell's blood pressure and pulse were high and her blood oxygen level was low, and that she was coughing up mucus with blood.   Upon seeing Maxwell coughing up mucus with blood, even a lay person would have easily recognized that Maxwell needed medical treatment.  In spite of this, no medical treatment was provided to Maxwell.

20.    The medical record shows that at 22:16 p.m. on April 30,  Maxwell's vital signs had improved but that her respiration was high and she was anxious, crying, and complained of a cough.  In spite of the fact that staff had seen Maxwell coughing up mucus with blood some 30 minutes earlier, the staff member

who made the entry at 22:16 reported that Maxwell complained of a "dry cough." The staff member also notes that Maxwell was insisting that she needed her Ventolin inhaler.

21.     At some point on April 30 one of the medical staff wrote Maxwell a prescription for generic albuterol, but neither the albuterol nor any other medication was provided to Maxwell.

22.     In spite of Maxwell's symptoms one or more of the individual Defendants approved Maxwell's release from the Clinic and return to the General Population.  Fortunately, Maxwell was released from custody at 2:02 a.m. on April 30, 2011.

23.     At 10:46 p.m. on Sunday, May 1, 2011 – less than 48 hours from her release from the DeKalb County jail - Maxwell presented to the Emergency Room at the Emory University Hospital suffering from exacerbation of cystic fibrosis, including pseudomonas aeruginosa infection of the lungs.

24.     Maxwell was admitted to the hospital and remained there for five nights.  Maxwell was released from Emory Hospital on May 7, 2011.  After her release from the hospital, Maxwell utilized home health services to assist her with an IV line that remained in place until May 17, 2011.

25.     After her release from Emory Hospital and continuing to this day, Maxwell suffered from anxiety caused by the fear that the exacerbation of her

cystic fibrosis, caused by the incarceration, could lead to the need for a lung transplant or to her premature death.

26.  On February 13, 2012, Maxwell entered a plea of Nolo Contendre to the charge of Failure to Maintain Lane.  The other charges against Maxwell were dismissed.

## CAUSES OF ACTION

## COUNT ONE

## EIGHTH AMENDMENT CLAIM AGAINST INDIVIDUAL DEFENDANTS

27.  Maxwell restates and repleads paragraphs 4 though 26.

28.  At all times relevant to this action, Defendants Dennis, Didier, Sparks, Agyei, and Thomas were acting under color of state law.

29.  During Maxwell's incarceration, Defendants Dennis, Didier, Sparks, Agyei, and Thomas took no action whatsoever to attend to Maxwell's cystic fibrosis, even though she reported that she had the disease and she complained of and exhibited symptoms of the disease.  Such failure to provide medical treatment constituted deliberate indifference to Maxwell's serious medical condition, in violation of the Eighth Amendment to the United States Constitution.

30.  Defendants Dennis, Didier, Sparks, Agyei, and Thomas are not entitled to qualified immunity because the law was clearly established in April 2011 that a jail medical provider cannot ignore an inmate's complaints of

respiratory illness, including difficulty breathing.

## COUNT TWO

## EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT CCS

31.	Maxwell restates and repleads paragraphs 4 through 26.

32.	After Defendant CCS obtained the contract to provide medical services to inmates at the DeKalb County jail, it failed to train and supervise its agents and employees to ensure that they were not deliberately indifferent to the medical needs of inmates with chronic diseases such as cystic fibrosis. Such failure to train and supervise Defendants Dennis, Didier, Sparks, Agyei, and Thomas was a moving force that caused the violation of Maxwell's Eight Amendment rights.

## COUNT THREE

## PROFESSIONAL NEGIGENCE

33.	Maxwell restates and repleads paragraphs 4 though 26.

34.	Defendants Dennis, Didier, Sparks, Agyei, and Thomas failed to comply with the standard of care applicable to medical professionals generally under similar conditions and circumstances. Said deviation from the standard of care constitutes professional negligence for which Defendants Dennis, Didier, Sparks, Agyei, and Thomas are liable under Georgia law.

35.	Defendant CCS is liable for the aforementioned negligence of

Defendants Dennis, Didier, Sparks, Agyei, and Thomas who, at all times relevant herein, were agents or employees of CCS acting within the scope of said agency or employment.

## DAMAGES

36. Maxwell restates and repleads paragraphs 4 through 26.

37. As a direct result of the above-described acts of deliberate indifference and negligence, Maxwell suffered damages in the form of medical costs and related expenses, pain and suffering, and emotional distress.

38. The actions of Defendants Dennis, Didier, Sparks, Agyei, and Thomas were done with malice or reckless indifference to Maxwell's federally protected rights so as to entitle her to an award of punitive damages against each of the individual Defendants.

39. Maxwell is entitled to recover reasonable attorney's fees and expenses of litigation on her constitutional claims against Defendants under 42 U.S.C. §1988.

WHEREFORE, Maxwell demands the following:

(a)   That this action be tried by a jury;

(b)   That judgment be entered in favor of Maxwell and against Defendants in an amount to be determined by the enlightened conscience of the jury;

(c)   That Maxwell be awarded punitive damages from each of the

individual Defendants;

(d)     That Maxwell be awarded reasonable attorneys' fees and expenses of litigation as authorized by 42 U.S.C. §1988;

(e)     That all costs be taxed against Defendants; and

(f)     That the Court award such additional relief as may be proper.

Respectfully submitted,

                                                          /s/     *Mary J. Huber*
                                                          Mary J. Huber
                                                          Georgia Bar No. 373700

160 Clairemont Ave., Suite 200
Decatur, GA 30030
404 378-0333 (telephone)
404 806-6243 (fax)
mary@maryjhuber.com

                                                          /s/  *Lance W. Tyler*
                                                          Lance W. Tyler
                                                          Georgia Bar No. 721155

Tyler Law Firm
1325 Satellite Blvd. N.W., Suite 1501
Suwanee, GA.  30024
(678) 869-5101
ltyler@tlfdui.com                          **ATTORNEYS FOR PLAINTIFF**